

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,932

### EX PARTE CHARLES MELVIN FROUD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM CAUSE NO. 97CR1742-83 IN THE 212TH JUDICIAL DISTRICT COURT
### OF GALVESTON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to twenty-five years' imprisonment. Appellate counsel filed an *Anders* brief and a motion to withdraw, which was granted by the court of appeals when that court affirmed Applicant's conviction. *Froud v. State*, No. 14-06-00882-CR (Tex. App.– Houston [14th Dist.], March 22, 2007).

Applicant contends that appellate counsel failed to comply with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in that counsel failed to notify Applicant of his withdrawal or provide Applicant a copy of his brief to allow Applicant to raise any claims he believed to be meritorious. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).

The trial court obtained an affidavit from appellate counsel in response to Applicant's claims, and conducted a habeas hearing. In his affidavit, counsel states that he sent a copy of the *Anders* brief and a letter referring Applicant to the appellate court to continue his appeal to Applicant. At the habeas hearing, counsel testified that he has a receipt showing that these documents were received by TDCJ. Applicant testified at the habeas hearing that he never received the documents because he was moved around within TDCJ a number of times during the period in question.

The trial court has entered findings of fact and conclusions of law, finding that Applicant testified at the habeas hearing that through no fault of his attorney, he was not properly notified of his right to file a *pro se* brief in response to appellate counsel's *Anders* brief. The trial court recommends that relief be granted. As the United States Supreme Court held in *Anders*:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. . . .His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses[.]

*Anders v. California*, 386 U.S. 738, 744 (U.S. 1967).

Applicant never received a copy of counsel's *Anders* brief, or an opportunity to respond thereto by raising points in a *pro se* appellate brief. Habeas corpus relief is granted and Applicant is granted the opportunity to examine appellate counsel's *Anders* brief, and to file an out-of-time *pro se* appellate brief in his appeal from cause number 97CR1742-83 from the 212th Judicial District Court of Galveston County. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the *Anders* brief had been filed on the day that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative steps to file his *pro se* brief within thirty days after the mandate of this Court has issued.

Applicant's remaining claims are dismissed. See *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

DO NOT PUBLISH
DELIVERED: June 11, 2008